**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 05-8025 |
| JOEL PEREZ-AGUIRRE, | (D.C. Civil No. 03-CV-215-B) |
| | (D.C. Crim. No. 01-CR-038-B) |
| Defendant-Appellant. | (D.Wyo.) |

**ORDER AND JUDGMENT** [*]

Before **BRISCOE, LUCERO,** and **MURPHY** , Circuit Judges.

Defendant Joel Perez-Aguirre, appearing pro se, appeals from the district court's denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.[**]

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

(continued...)

Perez-Aguirre was charged by criminal complaint with, and subsequently indicted for, illegal reentry after deportation in violation of 8 U.S.C. § 1326. Perez-Aguirre pled guilty to the charged offense and was sentenced to a term of imprisonment of seventy-eight months. Following the completion of a direct appeal unsuccessfully challenging his sentence, Perez-Aguirre, appearing pro se, filed a § 2255 motion asserting ineffective assistance of trial counsel. The district court denied Perez-Aguirre's motion, but granted Perez-Aguirre a certificate of appealability.

"A claim of ineffective assistance of counsel presents a mixed question of fact and law, which we review *de novo*." United States v. Holder, 410 F.3d 651, 654 (10th Cir. 2005). Any underlying factual findings made by the district court are reviewed for clear error. United States v. Blackwell, 127 F.3d 947, 955 (10th Cir. 1997). To succeed on a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance "fell below an objective standard of reasonableness and that he was prejudiced thereby." Holder, 410 F.3d at 654 (citing Strickland v. Washington, 466 U.S. 668 (1984)).

The basis for Perez-Aguirre's claim of ineffective assistance is that his counsel failed to inform the district court that Perez-Aguirre wished to withdraw his guilty plea. In support of that claim, Perez-Aguirre alleged that during his

---

**(...continued)
therefore ordered submitted without oral argument.

2

sentencing hearing he attempted, through his interpreter, to inform the district court that he wished to withdraw his guilty plea. However, Perez-Aguirre alleged, his interpreter was not able to finish translating his request before being interrupted by the district court, and his trial counsel failed to inform the district court of this fact.

In addressing Perez-Aguirre's claim, the district court made several relevant factual findings. First, the district court found that Perez-Aguirre "gave no indication to the Court or to his counsel that he desired to abort the sentencing proceedings and withdraw his plea," and that Perez-Aguirre indeed "expressed a desire to proceed with the guilty plea and sentencing." ROA, Vol. 1, Doc. 8, at 8. The district court further found "that the sentencing proceeding went on for several minutes after [the district court] interrupted the interpreter," yet Perez-Aguirre failed to tell his trial counsel "that something was wrong." Id. Lastly, the district court found no evidence that Perez-Aguirre "ever told his attorney that he did not want to go through with the sentencing, even after its conclusion." Id. Thus, the district court concluded there was no basis for finding that Perez-Aguirre's counsel "was even aware that anything was amiss." Id. Based upon these findings, the district court concluded that trial counsel's performance was not deficient.

After carefully examining the record on appeal, we agree with the district court's findings and conclusions. As outlined by the district court, there is simply

3

no evidence to support Perez-Aguirre's assertion that he attempted to withdraw his guilty plea, nor is there any evidence that Perez-Aguirre's counsel knew or should have known that Perez-Aguirre was interested in withdrawing his plea. In turn, there is no basis for concluding that trial counsel's performance fell below an objective standard of reasonableness.

The judgment of the district court is AFFIRMED. Perez-Aguirre's motion to proceed on appeal in forma pauperis is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge